## NICHOLAS McCULLOUGH v. JOHN BOYD.

ERROR TO THE COURT OF COMMON PLEAS OF FAYETTE COUNTY.

Argued May 9, 1888—Decided May 25, 1888.

1. In a suit by the vendee of land to recover back money paid on account of purchase money upon a contract providing for a conveyance on payment thereof in full, an affidavit of claim which does not aver payment in full, or a tender of such payment, or an explanation why such payment or tender was not made, discloses no right of action in the plaintiff.

2. The defect is not remedied by a general averment that defendant neglected or refused to comply with the terms of the agreement; if it were, it is fully met by an affidavit of defence alleging the non-performance of the plaintiff as the reason for the non-performance of the defendant.

3. As, in such case, the plaintiff's right of action depends upon facts dehors the instrument, to be averred and proved before he may recover at all, whether the action is within the affidavit of defence law, not decided.*

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

No. 10 July Term 1888, Sup. Ct.; court below, No. 191 September Term 1887, C. P.

On July 20, 1887, a summons in debt was issued in an action by Dr. John Boyd against Nicholas McCullough. With the præcipe, the plaintiff filed an affidavit of claim which, with a copy of the articles thereto attached, was as follows:

Dr. John Boyd, the plaintiff in this case, being duly sworn, says: There is due and owing to the plaintiff from Nicholas McCullough, the defendant in this suit the following sums of money:

One dollar with interest from June 10, 1873 . . . $ 1.00
Six hundred dollars with interest from June 23, 1873. 600.00
Fifty dollars with interest from July 14, 1873 . . 50.00
One hundred and fifteen dollars with interest from
    March 28, 1874 . . . . . . . . . . . 115.00
Forty-five dollars with interest from April 13, 1874. 45.00

---

*See Vulcanite Paving Co. v. Philadelphia Traction Co., 115 Pa. 280; s. c. 6 Cent. R. 749.

That said sums of money were paid to the defendant by said Dr. John Boyd, the plaintiff, in pursuance of the terms of a certain article of agreement between them for the sale and transfer of certain real estate, therein described, by the defendant to the plaintiff, a copy of which article of agreement is hereto attached and made a part of this affidavit of claim. That said defendant failed, refused and neglected, on his part, to comply with the terms of said agreement, in consequence of which, the whole of said sums of money, with interest as aforesaid, is due and unpaid the plaintiff by the defendant.

COPY OF ARTICLES ATTACHED.

Articles of agreement made and concluded this tenth day of June, A. D., 1873, between Nicholas McCullough and Dr. John Boyd, . . . . . The said Nicholas McCullough agrees to sell to said Dr. John Boyd all that piece or tract of land situate in Wharton township, county of Fayette and state of Penna., bounded and described as follows, viz.: . . . . . containing 256 acres, more or less, for the price or sum of thirteen hundred and fifty dollars, and also agrees to give the said Dr. John Boyd possession of said premises when half the amount of the purchase money is paid. Interest to accrue on the unpaid balance when possession is given, reserving the crops now in the ground. On the full payment of the purchase money with interest that may accrue, to make a good, lawful warrantee deed to the said Dr. John Boyd. And the said Dr. John Boyd agrees to pay the said Nicholas McCullough as follows, viz.: One hundred dollars from present date in thirty days ; and on or before the first day of January, 1874, six hundred dollars ; on April first, 1874, two hundred dollars ; on July first, 1874, two hundred dollars ; and on September 1, 1874, two hundred and fifty dollars.

Witness our hands and seals this tenth day of June, A. D., 1873.

Attest.                              NICHOLAS McCULLOUGH, [SEAL.]
T. B SCHNATTERLY.                    JOHN BOYD, [SEAL.]
June 10, 1873, Rec'd on the within, $1.00.

NICHOLAS McCULLOUGH.

June 23, 1873, Rec'd on the within articles, $600.

NICHOLAS McCULLOUGH.

July 14, 1873, Rec'd on the within article, $50.00.

NICHOLAS MCCULLOUGH.

March 28, 1874, Received on the within article, $115.00.

NATH'L EWING,
Atty. for N. MCCULLOUGH.

April 13, 1874, Rec'd on the within article, $45.00.

NATH'L EWING,
Atty. for McC.

On July 29, 1887, the defendant filed the following affidavit of defence:

Nicholas McCullough, the defendant in this case, being duly sworn according to law, says that he has a just, legal, equitable and complete defence to the whole of the plaintiff's claim in this case.

That it is true as set forth in the affidavit of claim that several sums of money therein mentioned were paid by the plaintiff as therein stated, but denies that he, the defendant, failed, refused and neglected to comply with the terms of said agreement in said affidavit of claim referred to. That on the contrary he was always ready, willing and able to comply with the terms of said agreement, until the plaintiff, by his failure and refusal to perform his covenants in said agreement, made it impossible for the defendant to perform his covenants; and by such breach of covenant on the part of the plaintiff relieved the defendant from the performance of his. That if the plaintiff had performed his covenants in said agreement, defendant was able and would have performed his covenants. That the plaintiff, in pursuance of said agreement, took possession of the real estate in said agreement described and sold, and held the same and enjoyed the use of said land for a long time, to wit, three years, for no other consideration than the several sums paid on said agreement. And further says not.

On August 24, 1887, the plaintiff entered a rule on defendant to show cause why judgment should not be entered against him for want of a sufficient affidavit of defence; specifications filed. On October 20, 1887, before argument, the defendant filed a supplemental affidavit of defence, as follows:

Before me personally came Nicholas McCullough, defendant, who being duly sworn according to law, says, by way of specifying more particularly the nature and character of his

defence to this action, that the plaintiff, John Boyd, failed to perform the following covenants in the agreement made a part of the affidavit of claim in this case, viz: (1) To make the first payment of $100.00 within thirty days from the date of said agreement. (2) To make the payment of $200.00 on April 1, 1874. (3) To make the payment of $200.00 on July 1, 1874. (4) To make the payment of $250.00 on September 1, 1874.

That if said John Boyd, plaintiff, had performed his covenants as aforesaid, affiant would have been and was ready, able and willing to have performed his covenant by making and delivering to plaintiff a general warranty deed for the premises described in said agreement. That all the money this suit was brought to recover, was paid to affiant in pursuance of the article of agreement referred to in plaintiff's affidavit of claim in this case, and affiant was entitled by the terms of said agreement to receive the same, and further says not.

After argument of the rule, the court, INGHRAM, P. J., on March 26, 1888, without opinion filed, ordered that the rule be made absolute and judgment to be entered for the plaintiff. Judgment having been entered in favor of the plaintiff for $1,521.80, the defendant took this writ, assigning the said order and the entry of judgment thereon as error.

*Mr. A. D. Boyd*, for the plaintiff in error:

1. By the articles of agreement, the defendant covenanted to make a good, lawful, warranty deed, " on the full payment of the purchase money, with interest that may accrue." The covenants of the plaintiff preceded the covenant of the defendant. The affidavit of claim alleges payment of but a part of the purchase money,—only a part performance of the defendant's covenants. Herein, was the affidavit of claim insufficient to entitle the plaintiff to judgment.

2. The material allegation of the plaintiff's affidavit is, that the defendant failed, neglected and refused to comply with the terms of the agreement. The affidavit of defence particularly denies this averment. The supplemental affidavit states with more particularity the character of the defence. It is only necessary to state a substantial prima facie defence with ordinary certainty: Hugg v. Scott, 6 Wh. 274; Thompson v.

Clark, 56 Pa. 33; Caldwell v. West, 1 Phila. 288; Leibersperger v. Savings Bank, 30 Pa. 531; Christy v. Bohlen, 5 Pa. 38; Selden v. Neemes 43 Pa. 421; Twitchell v. McMurtrie, 77 Pa. 383. An affidavit which puts the plaintiff on proof of any matter dehors the instrument sued on, is sufficient to prevent judgment: Hunter v. Reilly, 36 Pa. 509; Purves v. Corfield, 1 Phila. 174.

3. This action was brought after the passage of the act of May 25, 1887, P. L. 271, abolishing the distinction between actions ex contractu. Prior to that act, the plaintiff's remedy would have been in covenant; since, it should have been in assumpsit. But the plaintiff below brought an action in debt, which we apprehend never was the remedy for the injury indicated by the affidavit of claim.

*Mr. Edward Campbell*, (with him *Mr. H. F. Detwiler*), for the defendant in error:

The plaintiff entered into this contract and paid his money in good faith. The consideration wholly failed by reason of the sale of the land and the dispossession of the plaintiff by the sheriff, on liens existing prior to this contract and largely in excess of the amount agreed to be paid, wherefore, in equity and in good conscience, the plaintiff is entitled to have his money refunded: Pearsoll v. Chapin, 44 Pa. 9; Babcock v. Case, 61 Pa. 427; Walker v. France, 112 Pa. 203; Murray v. Ellis, 112 Pa. 485. As to the form of action: The right of the plaintiff to judgment depends not on the form, but on the cause of action: Barr v. Duncan, 76 Pa. 395.

OPINION, MR. JUSTICE GREEN:

In this case judgment was entered against the defendant for want of a sufficient affidavit of defence, and the question is, whether the plaintiff was entitled to judgment. This question, of course, must depend exclusively upon a consideration of the facts which are set forth in the affidavits of claim and defence. Much of the matter which appears in the paper books, and is there urged in argument to us, does not appear at all in the respective affidavits of the parties, and cannot be considered now, however important it may be on the trial of the case.

The cause of action as disclosed by the affidavit of claim arises upon an article of agreement under seal by which the defendant agreed to sell to the plaintiff a tract of land containing 256 acres for the sum of $1350, payable in instalments. The article also provided that, on the full payment of the purchase-money, the defendant should make a good deed for the premises to the plaintiff. Upon the literal terms of the article, therefore, the plaintiff was under obligation to pay the whole of the purchase-money before he was entitled to demand a deed. The affidavit of claim alleges that the plaintiff paid to the defendant sums of money on account of the purchase-money, amounting in the aggregate to $811, and that the defendant " failed, refused and neglected on his part to comply with the terms of said agreement, in consequence of which the whole of said sums of money, with interest as aforesaid, is due and unpaid the plaintiff by the defendant." A copy of the agreement is annexed, together with the receipts for the moneys paid.

The affidavit of defence admits the making of the articles and the payment of the part of the purchase-money claimed by the plaintiff, but denies that the defendant " failed, refused, and neglected " to comply with the terms of the agreement, and alleges on the contrary that " he was always ready, willing, and able to comply with the terms of said agreement, until the plaintiff, by his failure and refusal to perform his covenants in said agreement, made it impossible for the defendant to perform his covenants." In a supplemental affidavit the defendant individuated the particulars in which the plaintiff had failed to perform his covenants, and repeated his averment that in consequence of that failure he, the defendant, was prevented from making the deed stipulated for in the articles.

It will thus be seen that the suit is brought by a vendee of land to recover back money paid on account of the purchase-money, without paying or tendering payment of the whole of the purchase-money, although the contract required him to pay the whole before he was entitled to demand a deed.

The affidavit of claim gives no explanation of the reason why the plaintiff did not pay or offer to pay the remainder of the purchase-money, and, as he was legally bound to pay all

that he did pay, no right of action results from the mere fact of such payment. This defect in the plaintiff's affidavit is not helped in the least degree by a general allegation that the defendant neglected or refused to comply with the terms of the agreement, and if it were, it is fully met and answered by the affidavit of defence which alleges the non-performance of the plaintiff as the reason for the non-performance of the defendant. As the plaintiff's obligation to perform fully, is precedent to the defendant's obligation, the plaintiff is, by his own showing, in default, and, of course, cannot recover as for a default of the defendant. The payment of part of the purchase-money gives the plaintiff no right whatever to recover it back simply because of the payment, and hence, without any affidavit of defence he would not have been entitled to judgment. The reason is apparent at once when it is considered that the only obligation of the defendant is to make a deed, and that obligation does not arise until after payment of the whole of the purchase-money. Hence it is of no consequence for the plaintiff to say that the defendant did not comply when he has only alleged a partial compliance by himself. No duty is devolved upon the defendant upon such a compliance by the plaintiff. It is, to say the least, extremely doubtful whether the case comes within the affidavit of defence law at all, since the plaintiff's right of action depends upon facts independent of the agreement, which must be averred and proved, before he can recover at all; but we do not decide this question, as it is not necessary to the determination of the cause.

Judgment reversed, and procedendo awarded.