# Vito, Appellant, *v.* Birkel.

*Evidence—Parol evidence—Preliminary negotiations—Contract.*

As a general rule all preliminary negotiations to a contract are merged and terminated by the execution of the written instrument.

*Vendor and vendee—Payments—Time as essence of contract—Forfeiture.*

Where articles of agreement for the purchase of land provide for the pay-ment of installments of purchase money on dates specified, and further pro-vide that if the vendee "fails to make the payments, or any one of them herein as above agreed upon, he shall forfeit as liquidated damages the amount of money already paid on account of this agreement, and the con-tract shall be rescinded, and the vendor shall be immediately entitled to possession," time is of the essence of the contract, and if any one of the in-stallments is not paid at the time specified, the contract is forthwith re-scinded and the vendor is entitled to possession without further notice or any affirmative act on his part.

Argued March 7, 1904. Appeal, No. 160, Jan. T., 1903, by plaintiff, from judgment of C. P. Northampton Co., Feb. T., 1902, No. 41, on verdict for defendant in case of Charles Vito v. Benedict H. Birkel. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Petition of Charles Vito for a rule for an issue to quiet title under act of June 10, 1893.

At the trial of the issue, SCHUYLER, P. J., charged as fol-lows:

[On May 22, 1900, the plaintiff and the defendant entered into a written contract for the purchase of an undivided half interest in a tract of land in South Bethlehem containing seven acres.] [7]    By the terms of the agreement the plaintiff was to pay the sum of $1,793.24 in the following manner, viz: $89.74 upon the execution of this agreement, $200 on December 3, 1900, $253.50 on May 3, 1901, and the balance, $1,250, upon the execution and delivery of a deed of conveyance aforesaid.    The agreement contains the following clause: "All amounts of money unpaid shall draw interest at the rate of six per cent from May 3, 1900.    And it is further agreed by the parties hereto that if the said Charles Vito fails to make the payments or any one of them herein as above agreed upon, he shall forfeit as liquidated damages the amount of money already paid on account of this agreement and the contract shall be rescinded and in such case the said Benedict H. Birkel shall be immediately entitled to possession of the said premises and the said Charles Vito hereby agreed to remove from the said premises at once."

It may strike you that this is a very hard agreement so far as the plaintiff is concerned, but this is a free country and people are at liberty to make their own agreements, and if they see fit to make a hard agreement it is presumed they are to get corresponding advantages from it and there is no relief, there is no way by which a party who enters into an agreement whether it is favorable to himself or whether it is unfavorable can escape from the consequences of the agreement unless there are some equitable circumstances entering into the making of the agreement that is avoided, in equity.    There are no such circumstances here. . . .

[Then comes in this stipulation in the agreement that if there is a failure to pay any one of the installments the agreement shall become null and void.    I say to you as the law in this case that the mere fact of the nonpayment of either one of these installments at the time they became due worked a forfeiture of the agreement, so far as the plaintiff is concerned, without any notice whatever, and that by such forfeiture he lost all interest in the premises for which he now seeks to recover a verdict at your hands.] [5]

[The plaintiff alleges that whilst there may have been a

forfeiture of all his rights under this agreement that the defendant by his subsequent conduct waived that forfeiture. That is the theory of the plaintiff. Now, the law upon that subject is this, as I understand it to be : Before the plaintiff can set up a waiver of the forfeiture he must offer evidence tending to show that there was a new contract between the parties that the forfeiture should be waived, or that the defendant was guilty of such conduct upon his part as would amount to an estoppel, that is, as would prevent his setting up the forfeiture as a part of this agreement. There is no evidence in this case of a new contract waiving the forfeiture, nor is there any evidence in the case from which the jury would be justified in finding that he was estopped from setting up the forfeiture.] [6]

[Further I say to you under the law and the evidence in the case it is my duty to say to you that your verdict shall be a verdict in favor of the defendant for the premises involved in this controversy as set forth in the fifth issue submitted.] [4]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–3) various rulings on evidence; (4–7) above instructions, quoting them.

*W. S. Kirkpatrick*, of *Kirkpatrick & Maxwell*, with him *Harry C. Cope*, for appellant.

*Russell C. Stewart*, with him *Harry A. Cyphers*, for appellee.

Per Curiam, May 16, 1904:

The offers of evidence, the rejection of which is the subject of the first three assignments of error, were offers to prove matters that took place before the signing of the writing on which the plaintiff sues. Nothing was shown to take them out of the general rule that all preliminary negotiations are merged and terminated by the execution of the written contract. The burden of showing ground for allowing exceptions to this rule was upon plaintiff and failing to do so his offers were properly excluded.

In regard to the payments to be made by plaintiff there is no room for dispute as to the law. The dates and amounts

were fixed and the provision of the contract was express "that if the said Charles Vito fails to make payments or any one of them herein as above agreed upon, he shall forfeit as liquidated damages the amount of money already paid on account of this agreement and the contract shall be rescinded." Time was thus made of the essence of the contract and being so, a failure to perform on the day agreed, ipso facto involved the stipulated forfeiture, without the necessity of any affirmative act of the vendor. The cases in regard to leases, cited by appellant, do not sustain any repugnant doctrine. In Wills v. Manufacturers' Nat. Gas Co., 130 Pa. 222, Westmoreland, etc. Nat. Gas Co. v. DeWitt, 130 Pa. 235, and others down to English v. Yates, 205 Pa. 106, the leases contained a clause that they should become void on failure of the lessee to pay the agreed rent, and the gist of the decisions is that as this clause was for benefit of the lessor it was not self-operating against his will, but only at his option. That is the full extent of the principle declared in those cases. As was said by our late Brother CLARK in Wills v. Gas Co., supra (p. 233), " the Pennsylvania cases are all cases in which the forfeiture was set up by the lessor upon the default of the lessee ; in none of them did the lessee set up his own default as a cause of forfeiture. No case has been called to our attention, in this or any other state, in England or elsewhere, which recognizes the doctrine that a party may take advantage of his own wrong, or set up his own default to work a forfeiture of his own contract." . And it was said in English v. Yates, supra, " parties may contract that on a default the lease may become void at the option of either party, yet such intent in the agreement must be so plain as to be unavoidable in order to sustain such a construction." In the present case the plaintiff, admitting his own default, claimed to recover on the ground that the defendant had not by some affirmative act asserted and enforced the forfeiture. The learned judge rightly held that it was not necessary for him to do so.

No doubt the grantor or lessor may waive the forfeiture either expressly or by estoppel arising from acts tending to mislead the grantee or lull him into the belief that strict performance will not be exacted. The learned judge below so held but directed the verdict because there was no sufficient evidence to

justify the submission of the question of waiver to the jury. In this view we concur.

Judgment affirmed.