## Lichetti, Appellant, *v.* Conway.

*Vendor and vendee—Liquidated damages—Penalty—Hand money—
Articles of agreement.*

1. Where articles of agreement for the sale of real estate provide
that the price should be $33,000, and that $500 shall be paid on the
signing of the agreement, and also stipulates "if purchaser fails to
complete purchase the $500 paid on account is to be kept by sellers
to liquidate damages," and the purchaser after paying the $500 fails
to complete the purchase, the sellers may retain as their own the $500,
although they may have subsequently sold the property to another
person for exactly the same price.

2. Whether a sum mentioned in articles of agreement for the sale
of land to be retained by the sellers in case of a breach of the contract
by the purchaser, is to be treated as a penalty or as liquidated dam-
ages, is a question of law to be decided by the court upon considera-
tion of the entire contract, in the light of the circumstances under
which the parties dealt. The fact that the sum paid at the signing
of the agreement is greatly disportionate to the entire purchase money
is a circumstance tending to show that such sum was intended as
liquidated damages and not as a penalty.

Argued Oct. 21, 1909.  Appeal, No. 74, Oct. T., 1909,
by plaintiff, from judgment of C. P. No. 4, Phila. Co.,
March T., 1907, No. 2,365, on verdict for defendants in
case of Lafayette A. R. Lichetti v. William Conway and
Frank S. Elliott.  Before RICE, P. J., HENDERSON, MOR-
RISON, ORLADY, HEAD and PORTER, JJ.  Affirmed.

Assumpsit to recover hand money paid under articles
of agreement for the sale of real estate.  Before AUDEN-
RIED, J.

At the trial the court gave binding instructions for
defendant.

Verdict and judgment for defendant.  Plaintiff ap-
pealed.

*Error assigned* was in giving binding instructions for
defendant.

*Samuel Scoville, Jr.,* with him *Julius B. Price, Jr.,* for appellant.—The trial judge erred in his construction of the agreement of sale: Jacoby v. Stettler, 2 Cent. Repr. 607; Hudson v. Reel, 5 Pa. 279; Feay v. Decamp, 15 S. & R. 227; Wotring v. Shoemaker, 102 Pa. 496.

The presumption that this sum was paid as a penalty and not as liquidated damages was not overcome by the defendants, and the learned trial judge erred in directing a verdict for the defendants: Keck v. Bieber, 148 Pa. 645; Clements v. R. R. Co., 132 Pa. 445; Emery v. Boyle, 200 Pa. 249.

*Alfred D. Wiler,* for appellees.—The learned court below held that the parties had liquidated their damages and that the plaintiff having failed to comply with his contract, could not recover. There is no doubt that this contract being in writing, the construction of it was, as a matter of law, for the court: Shreve v. Brereton, 51 Pa. 175.

The circumstances of this transaction plainly show that liquidating the damages was one of the essentials of the contract: Streeper v. Williams, 48 Pa. 450.

OPINION BY PORTER, J., October 10, 1910:

The parties entered into a written agreement, dated July 20, 1906, under the covenants of which the defendants agreed to sell and convey and the plaintiff agreed to purchase and pay for a certain property situate at No. 2005 Chestnut street, Philadelphia, for the sum of $8,000, subject to a ground rent of $25,000. The covenants required the plaintiff to pay $500 on the signing of the agreement, the balance of $7,500 in cash at the time of settlement which was to be made on or before October 1, 1906, and the ground rent of $25,000 was to remain a charge upon the property. The premises were to be conveyed clear of incumbrance except subject to the ground rent. The covenant of the agreement which it is material in this case to consider was in these words, to wit: "If pur-

chaser fails to complete purchase the $500.00 paid on account is to be kept by sellers to liquidate damages." The plaintiff paid the $500 required upon the signing of the agreement, and it is an admitted fact that he failed to complete the purchase and took no further steps in the performance of his covenants. The defendants elected not to bring an action upon the contract to recover the entire purchase money, but upon the plaintiff's failure to complete the contract elected to consider it as abandoned, and in March, 1907, succeeded in finding another purchaser to whom they sold the property for the same price at which the plaintiff had covenanted to buy and pay for it. The plaintiff then brought this action to recover the $500 which he had paid at the time of the signing of the article of agreement. The learned judge of the court below held that under the provisions of the agreement the defendants were entitled to retain this $500 as liquidated damages for the failure of the plaintiff to keep his covenants, and gave binding instructions in favor of the defendants. The appellant assigns this ruling for error.

The appellant contends that the covenant of the agreement above quoted is to be controlled by the words "to liquidate damages"; and that the preposition "to" as here used is to be construed as meaning "in order that they may." In other words, the appellant asserts that the parties meant to say, in the clause in question: "If purchaser fails to complete purchase the $500.00 paid on account is to be kept by sellers, in order that they may liquidate damages." He asserts that the $500 was to be retained by the sellers to liquidate the damages, if there were any. "If the damages were less than $500.00 the implication was that the balance would go back to the buyer. If the damages amounted to the full deposit, the whole $500.00 was to be retained to pay them." The learned counsel for appellant refrained, with commendable caution, from stating what would have been the result, under this covenant, if the damages had exceeded $500. Had this covenant been entirely omitted from the agree-

ment the defendants would have had the right, upon the failure of the plaintiff to comply with its terms, to elect to bring an action on the agreement for the entire purchase money, or to rescind the contract and bring an action to recover damages for its breach. They would, in the absence of this particular covenant, have had the right to recover damages in any amount that the evidence warranted. With this covenant in the agreement can it for one moment be contended that they ought to have been permitted to recover more than $500? The contention of the appellant is founded entirely upon giving to the preposition "to" a particular and peculiar meaning out of the many which that little word can be twisted to import. This construction of the sentence completely ignores the plain and direct meaning of the really important words in the covenant. When the plaintiff failed to keep his contract, this covenant expressly declares that the $500 which had been paid should be "kept by sellers." The covenant contains no limitation as to how long they should keep it, nor the purpose to which they should devote it. The money was already in the possession of the defendants when the plaintiff made default, and that default gave them the right to continue to have, hold and enjoy it. It became theirs to keep. The construction of the clause contended for by the appellant equally disregards the primary meaning of the word "liquidate" as used in the covenant, which is to make liquid, make clear, or plain; clarify, free from obscurity. The purpose of the parties in introducing this covenant into the contract was to free from obscurity the question of any damage that might arise from failure of the plaintiff to perform and to settle and make clear the amount of the damage to which the sellers should in such case become entitled. To liquidate the damages, to which the sellers should become entitled if the buyer failed to complete his purchase, the parties covenanted that the seller should, in that event keep the $500 which they had received.

Whether the sum mentioned in the agreement to be

retained by the sellers, in case of a breach of the contract by the purchaser, was to be treated as a penalty or as liquidated damages was one of law to be decided by the court upon consideration of the entire contract, in the light of the circumstances under which the parties dealt. The purchase price agreed upon for the property was $8,000, but it was subject to a ground rent of $25,000, for the installments of the rent upon which the sellers were liable as they became due, so that the real value of the property was $33,000. The plaintiff paid only $500 at the signing of the agreement, on July 20, 1906, and thus tied up the property until October 1, 1906, when the final settlement was to be made. There is here a striking disproportion between the sum paid and the purchase money. This covenant did not protect the defendants against failure to make title after payment of the first installment. The sum paid being so disproportionate to the entire purchase money, the covenant that the sellers should keep the amount paid, in case the purchaser failed to perform, clearly was not intended to enforce payment of the entire purchase money. This leads obviously to the conclusion that the only intention of this stipulation was to protect the sellers against a total failure where the contract was abandoned. "Were the sum adequate in magnitude to compel specific performance we might conclude that it was intended as a penalty only against which equity would relieve on a full compliance with the contract. But its manifest inadequacy as compared with the full price of the property leaves no other reasonable conclusion than that it was intended as a compensation to either party when the other wholly abandoned the contract. In this view the parties must have intended the sum as liquidated damages and not as a penalty:" Steeper v. Williams, 48 Pa. 450; Shreve v. Brereton, 51 Pa. 175.

The intention of the parties as gathered from their written agreement was that the defendants should retain the small cash payment which they had received in case the plaintiff failed to complete the purchase. This con-

tract was one which the parties were competent to make. In the absence of such a covenant the measure of damages for the breach upon the failure of a purchaser to comply with his covenant to pay for land, is ordinarily the difference between the contract price and the value of the land. Of all facts difficult to establish, however, the value of land is one of the most difficult; in many neighborhoods sales of land are not frequent and no two persons will precisely agree as to the value thereof. Covenants of the parties liquidating the damages in such cases, when not unconscionable, will be enforced by the courts: Baney v. Killmer, 1 Pa. 30; Mathews v. Sharp, 99 Pa. 560; Keck v. Bieber, 148 Pa. 645; Emery v. Boyle, 200 Pa. 249.

The plaintiff's own testimony shows that without any legal or other excuse he failed to comply with his part of the contract. The burden was upon him to establish a right to recover. He was bound to show that he had performed his part of the contract by paying or tendering payment of the full purchase money; or that he had some legal excuse for failing to pay or tendering. This was not an action brought by the vendors of land to recover the purchase price, and it was not necessary for the defendants to prove that they had tendered to plaintiff a deed for the property: McCullough v. Boyd, 120 Pa. 552. The plaintiff was not entitled to recover and the learned judge of the court below was entirely right in giving binding instructions in favor of the defendants.

The judgment is affirmed.