## Korman et al. v. Trainer et al., Appellants.

*Contracts—Real estate—Agreement of sale—Vendor and vendee —Purchase-price—Default by vendee—Affidavit of defense—Insufficient averments.*

1. Where an agreement for the sale of real estate does not provide by clear, precise and unequivocal language that the purchaser may terminate it by his own default, such effect will not be given it.

2. A written contract for the sale of land provided that the consideration money of $3,000 was "to be paid $200 on the signing of the agreement, which deposit shall be forfeited to the (vendors) as liquidated damages in case of default by the (vendees) in the payment of the purchase-price" and the balance at the time of settlement within thirty days, said time to be of the essence of the agreement. The purchaser paid the down-money, but refused to complete the purchase, though a proper deed was tendered. In an action by the grantor for the recovery of the balance of the purchase-price, the affidavit of defense alleged (1) that plaintiff had no other remedy than the retention of the deposit money and (2) that time being of the essence of the contract, the contract was at an end upon failure of the vendees to pay the balance of the purchase-price and accept the deed and that plaintiff had no further rights under the contract. The lower court entered judgment for plaintiff for want of a sufficient affidavit of defense. *Held,* no error.

Argued May 2, 1917. Appeal, No. 34, Jan. T., 1917, by

defendants, from judgment of C. P. No. 1, Philadelphia Co., Dec. T., 1916, No. 1138, for want of sufficient affidavit of defense in case of Jacob Korman and Rosie Korman, his wife, v. Joseph C. Trainer and John A. Trainer, Trading as Edward Trainer. Before BROWN, C. J., MESTREZAT, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit for recovery of balance of purchase-price under agreement for sale of real estate.

Rule for judgment for want of a sufficient affidavit of defense.

The facts appear from the following opinion by SHOEMAKER, J.:

In response to the request of the Supreme Court, this opinion is filed, giving the reasons upon which the court entered judgment in this case.

This action was brought to recover the balance of the purchase-money claimed by plaintiffs to be due to them by the defendants under an agreement for the sale of real estate.

By an agreement dated November 2, 1916, plaintiffs covenanted to sell defendants two lots situated in the City of Philadelphia, for the sum of $3,000; to be paid, $200 at the signing of the agreement "(which deposit shall be forfeited to the said party of the first part)," (the plaintiffs) "as liquidated damages in case of the default by the party of the second part," (the defendants) in the performance of this agreement, and the balance of the purchase-money as follows: $2,800 to be paid in cash at the time of settlement."

And the parties bound themselves, their heirs, executors and administrators for the faithful performance of the agreement within thirty days from the date thereof. "Said time to be the essence of this agreement."

The $200 was paid about November 2, 1916, and on November 28, 1916, the defendants notified plaintiffs that

they would not consummate the purchase and would refuse to accept plaintiffs' deed for the premises. On December 2, 1916, plaintiffs tendered to defendants a sufficient deed in compliance with all the conditions contained in said agreement and demanded the balance of the purchase-money, which defendants refused to accept or pay the purchase-money and continued so to do, although plaintiffs were and are ready and willing to perform their part of said agreement; and tendered a deed of the premises at the time the statement was filed.

The defendants in their affidavit of defense averred that the lots mentioned in the agreement were vacant and unimproved, and that the clause in the agreement "which deposit shall be forfeited to the said party of the first part as liquidated damages in case of the default by the party of the second part in the performance of the terms of this agreement" limited the plaintiffs' rights, so that they had "no other remedy in law or equity than the retention of the said $200 deposit money"; that the agreement provided a remedy for the vendors in case of breach which was meant to be exclusive, and time being the essence of the agreement, it was at an end upon failure of vendees to pay the balance of the purchase-money and refusal to accept the deed; the forfeiture was by way of liquidated damages, that the effect of said forfeiture clause is a release and discharge of vendees from any and all subsequent liability under the agreement, and the large sum forfeited, $200, showed such intention of the parties.

In support of a rule for judgment for want of a sufficient affidavit of defense, the plaintiffs assigned the following reasons:

1. "The clause relating to the forfeiture of deposit is for the benefit of the plaintiffs' vendor."

2. "The plaintiffs have their choice of resorting to the forfeiture clause or insist upon their right to consum-

mate the sale and receive the purchase-money from defendants."

3. "The defendants, being in default, cannot set up their own wrong to work a forfeiture of their contract."

In our judgment, the questions raised by this record have been determined by Cape May Real Estate Co. v. Henderson, 231 Pa. 82, and the long line of cases cited in the opinion of Judge PORTER, of the Superior Court, upon which opinion the judgment was affirmed by the Supreme Court.

It is settled by those cases that in a covenant such as contained in the agreement in this case, which does not provide by clear, precise and unequivocal language, that the purchaser may terminate it by his own default, such effect will not be given it. The presumption is that the forfeiture clause is for the benefit of the grantor and enforceable at his election. Without such election and actions, the purchaser will not be relieved from his obligation to pay.

In Ruane's Est., 25 Pa. D. R. 347, the Orphans' Court of this county, in a case almost identical with the one at bar, followed Cape May Real Estate Co. v. Henderson, 231 Pa. 82, and held the vendee's estate liable, upon an agreement for the balance of the purchase-money.

The argument of the defendants' counsel, that the large amount of the deposit showed the intention of the parties to restrict the vendors to that sum, is not convincing, and is not so plain as to unavoidably sustain such a construction. On the contrary, it is not an uncommon practice to require a deposit of the proportions made in this case, as appears in Ruane's estate.

The lower court made absolute plaintiff's rule for judgment for want of a sufficient affidavit of defense. Defendant appealed.

*Error assigned* was in making absolute plaintiff's rule for judgment.

*Henry A. Hoefler,* for appellants.

*Henry Arronson,* of *Shoyer & Arronson,* with him *Frederick J. Shoyer* and *Martin Feldman,* for appellees.

PER CURIAM, May 22, 1917:

Under Cape May Real Estate Company v. Henderson, 231 Pa. 82, the affidavit of defense was properly regarded as insufficient by the learned court below, and the judgment is, therefore, affirmed.