## Aspden et al. v. Kramer

*Smillie, Bean & Scirica,* for plaintiffs.
*Robert Trucksess,* for defendant.

KNIGHT, P. J., September 22, 1950.—By an agreement in writing plaintiffs agreed to sell, and defendant agreed to buy, certain premises in East Norriton Township, for the sum of $19,000. One hundred dollars was paid on account, and the agreement provided how and when the balance of the purchase price was to be paid. Settlement was to take place on July 15, 1949, and tender of the deed and purchase money were waived.

On June 20, 1949, defendant gave notice to plaintiffs that he did not intend to comply with his obligations under the agreement. Subsequently plaintiffs sold the property to third parties, for $17,000, settlement being made October 11, 1949. This action in assumpsit was

filed in March 1950, seeking to recover damages in the sum of $1,900.

Defendant filed four preliminary objections to the complaint, and asks for judgment in his favor on the pleadings.

The first objection is that the action having been brought to recover damages, it should have been in trespass and not assumpsit.

There is no merit in this objection. The action was brought for breach of contract, and is properly in assumpsit. The mere fact that the loss sought to be recovered is termed "damages", does not in any way convert an action in assumpsit into an action in trespass.

The fourth objection is that under the facts, an action of trespass will not lie. This is true, but the action is in assumpsit and not in trespass.

The second and third objections will be considered together. They assert that plaintiffs are limited in their damages, to the retention of the down money, by the terms of the agreement. The agreement for the sale and purchase of the real estate contained the following provision:

"Should the buyer fail to make settlement as herein provided, and the said time is hereby agreed to be the essence of this agreement, sum or sums paid on account are to be retained by the seller, either on account of the purchase money, or as compensation for the damages and expenses he has been put to in this behalf, as the seller shall elect, and in the latter case this contract shall become null and void and all copies returned to the seller for cancellation."

While there is some confusion in the decided cases, the rule seems well established that a defaulting party to a written agreement cannot take advantage of his own wrong by seeking to limit his liability to the amount set forth in a provision of the contract as liq-

uidated damages in case of a breach. The one exception to this rule is where the agreement in plain, unambiguous and unequivocal language provides that in the event of default by either party the damages shall be limited to the amount agreed upon as liquidated damages: Sharr et al. v. Mollier, 46 Montg. 291; Korman et al. v. Trainer et al., 258 Pa. 362; Cape May Real Estate Company v. Henderson, 231 Pa. 82.

Unless limited by plain, unambiguous and positive language to the contrary, a provision in an agreement for the sale of real estate, that in the event of a breach by the buyer, the down money may be retained by the seller, is presumed to be for the benefit of the seller, and does not prevent the seller from recovering his actual damage: Hascher Bros. v. Haring et al., 47 Montg. 46.

In the present case there is no doubt that the seller is not limited to the down money in the event of a breach by the buyer, for he may elect to treat the down money as liquidated damages, or sue in affirmance of the contract, and treat the down money as a part payment on the purchase price. It is only in the event of the seller electing to retain the down money as damages, that he is barred from any further claim against the seller.

When an agreement for the sale of real estate contains a provision such as is set forth in the agreement before us, the seller may, upon breach of the buyer, proceed in one of three ways:

He may sue for the balance of the purchase price; or, he may resell and sue for the loss; or, he may call off the sale and keep the deposit money: Ladner's Real Estate Conveyancing, vol. 1, sec. 45 (c), p. 84.

The sellers in this case elected to resell and sue for the loss, which they did in a reasonable time. If they had elected to retain the down money as damages, no suit would have been necessary, and they would hardly accept $100 as compensation for a $1,900 loss.

We have examined all of the cases cited by counsel for defendant, and none of them are controlling in this case; most of them can be easily distinguished from the case at bar.

And now, September 22, 1950, the preliminary objections are dismissed, and defendant is granted 20 days to answer on the merits.