## Schwartz *v.* Scheel et ux., Appellants.

224

Argued November 11, 1959. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (RHODES, P. J., absent).

· *George W. Lucas*, with him *James B. Ceris*, for appellants.

·*William C. Angel*, with him *Angel & Kerchner*, for appellees.

OPINION BY GUNTHER, J., December 17, 1959:

This is an action in equity for specific performance. The decree was entered against Fred Scheel and Annie T. Scheel, and in favor of George T. Schwartz, Jr. and Edna R. Schwartz.

The agreement involved herein was dated May 9, 1956 and provided that within sixty days from the date thereof the Scheels would convey to the plaintiffs, "All that certain piece, parcel or lot of land situate in the Township of Economy, County of Beaver and Commonwealth of Pennsylvania, being a tract of approximately 8½ to 9 acres to be finally settled by a survey now underway, roughly bounded and described as follows, to-wit: . . ." Then follows a description by metes and bounds. The agreement provided for the payment of $1500.00 down and the balance of $3500.00 upon delivery of the deed making a total consideration of $5000.00.

No down payment was made at the time of the signing of the agreement and no tender was made of the balance of the purchase price.

The survey mentioned in the agreement was to be made at the request and expense of the plaintiffs. The plaintiffs ordered a survey but it was not completed until November, 1956. Two weeks later defendants were notified that the survey had been completed and that the money and the survey were at the office of the lawyer for the plaintiffs. Defendants, however, refused to complete the transaction under the agreement of May 9, 1956.

Plaintiffs introduced as evidence one check for $1500.00, dated April 23, 1956, and another one dated November 15, 1956, for $3500.00, payable to Angel and Kerchner, their attorneys. In addition the surveyor was paid $225.00 by the plaintiffs for his services.

From the above facts, the Chancellor in the lower court concluded as a matter of law that the plaintiffs were entitled to specific performance.

Defendants, however, contend that they had a right to refuse to execute the deed because plaintiffs failed to close the transaction promptly in accordance with the terms of the agreement.

Are the facts supported by the record and the testimony of plaintiffs and defendants?

Included among the many Findings of Fact were the following:

1. Plaintiffs and defendants agreed that Frank McCabe should be requested to make the survey.

2. Plaintiffs contacted McCabe in April, 1956, and requested that he make a survey. After much delay, not the fault of plaintiffs or defendants, McCabe completed the survey in November, 1956.

3. Defendants approved, in the summer of 1956, the sale of hay from the land by plaintiffs.

4. In October, 1956, when McCabe appeared to make the survey, plaintiff, George T. Schwartz, Jr. and defendant, Fred Scheel, on the property, agreed as to the survey and indicated the points to which the survey should extend.

5. Although the agreement refers to a right-of-way, the survey does not indicate a right-of-way as referred to in the agreement.

6. Plaintiffs accepted the survey and offered it as an exhibit, and rely on it, consequently the proposed right-of-way from Ridge Avenue to the west is not included in this action seeking a decree of specific performance.

7. Plaintiffs have abandoned their claim for specific performance as to a right-of-way.

8. Defendants did not offer an executed deed to plaintiffs and they did not at any time request payment of the purchase money in full.

9. The latter part of December, 1956, after the survey was completed, defendants refused to close the transaction, but they advised plaintiffs that they would proceed if plaintiffs would pay more money for the land.

10. December 28, 1956, plaintiffs' lawyers, in writing, advised defendants that they had the consideration in their possession; had prepared a deed from the survey, and that their clients were ready, willing and able to conform to the terms of the agreement.

11. Defendants did not inform plaintiffs until late in December, 1956, that unless they would close the transaction they would not proceed under the terms of the agreement.

12. The survey, in general contour, follows the description as given in the agreement and conforms to directions given to the surveyor, on the land, by plaintiff, George T. Schwartz, Jr. and defendant, Fred Scheel.

13. In addition to the purchase price, defendants are entitled to compensation for delay in payment at the rate of six per centum per annum on the sum of $5000.00 from July 9, 1956, until the date of closing.

Defendants argue that the record and facts as found by the court below reveal that plaintiffs were in default of the agreement and that defendants not only were not required to tender a deed but were entitled to refuse to comply with the contract. They cite *Wasserman v. Steinman*, 304 Pa. 150, 155 A. 302; *Lichetti v. Conway*, 44 Pa. Superior Ct. 71 at 75; *McCullough v. Boyd*, 120 Pa. 552 at 557, 14 A. 438 and *Shilanski v. Farrell*, 57 Pa. Superior Ct. 137.

We reviewed the facts and circumstances in each of the cases. The facts and circumstances in the case before us, however, differ from the facts and circumstances in the cases cited as authority for defendants' contention. The issue presented in this appeal relates

to the question of proper application of the law to the facts as found from the record.

The agreement provides that the transaction shall be closed within sixty days. The parties agreed that plaintiffs should have a survey made by McCabe. It is not contradicted that from April or May until November, plaintiffs frequently endeavored to have McCabe proceed with the survey. Because of illness and the press of other work, the surveyor did not proceed until October and November. Plaintiffs' lawyer had the money to comply with their part of the agreement. It is significant that as late as October, 1956, defendant, Fred Scheel, met plaintiff, George T. Schwartz, Jr. on the land with the surveyor and participated in giving directions and instructions to the surveyor. This fact alone is adequate to support a conclusion that defendants, as late as October, intended to complete the transaction. Plaintiffs were justified in relying on this indication of willingness to proceed. See *Cohn v. Weiss*, 356 Pa. 78, 51 A. 2d 740.

The written agreement of May 9, 1956 describes the land to be conveyed "to be finally settled by a survey now underway." The survey was made after some delay and plaintiffs then proceeded to close the deal. Defendants were present when the survey was being made, nevertheless undertook to have the agreement declared void.

In *DiPompeo v. Preston*, 385 Pa. 512, 123 A. 2d 671, the Supreme Court held that where a contract is adjudicated to be one which does not offend against conscience, fairness and equity, the right to specific performance becomes one of right, and not merely of grace.

In the case of *Morrell v. Broadbent*, 291 Pa. 503, 505, 140 A. 500, the Court said: "Ordinarily, failure to pay money on a particular day is not such material departure from the terms of a contract as to justify a rescis-

sion by the other party, as the delay may be fully compensated by the payment of interest; hence time is not considered as of the essence of a contract unless there is an additional factor, such as willful refusal to pay or change in the circumstances or in the situation of the parties resulting in injury from the delay, insufficient to be compensated by the mere allowance of interest. . . ."

The court en banc narrowed the issue to the sole question of whether or not plaintiffs, under the evidence and the law, are entitled to a decree for specific performance for the conveyance of land. The question of the right-of-way was decided in favor of the defendants inasmuch as plaintiffs failed to establish their right to the right-of-way.

We are of the opinion that plaintiffs are entitled to a decree for specific performance.

The decree is affirmed.