## Kountz *versus* Holthouse.

85  235
131  503

85  235
173  278
174  455

85   235
f 208  ¹173

1. As a general rule, an action on a contract must be brought in the name of the party having the legal interest therein.

2. A third party may maintain an action in his own name upon a contract made expressly for his benefit where his release would be a sufficient discharge to the promisor, but not where it would leave the promisor liable to an action by the other contracting party.

3. An incoming partner may undoubtedly by agreement become liable for debts contracted by the firm previous to his entering it, but the presumption of·law is against any such liability and requires proof to remove it.

October 11th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Court of Common Pleas, No. 2, of *Allegheny county :* Of October and November Term 1877, No. 179.

Assumpsit by A. W. Holthouse, against W. J. Kountz and B. T. Campbell, partners, doing business as B. T. Campbell.

In May 1868, Bartley T. Campbell and George W. Young, commenced the publication of "The Pittsburgh Evening Mail" as partners, under the firm name of B. T. Campbell, and continued the business as such until about the middle of December 1868, when William J. Kountz bought Young's interest in said firm. While Young was a member, the firm purchased of the plaintiff, Holthouse (from October 31st 1868, to November 25th 1868) paper amounting to the sum of $194. After Kountz became a partner with Campbell, the firm bought, from the plaintiff, paper amounting to $557.92, of which last amount they paid the plaintiff in cash $22.32, and returned paper to plaintiff amounting to $499.20, for which plaintiff allowed credit, leaving due plaintiff on the bill contracted by the new firm of Campbell & Kountz $36.40. The plaintiff, on July 14th 1872, brought suit against the new firm, composed of B. T. Campbell and William J. Kountz, for the amount of both bills, as well the one contracted by Campbell & Young as the one contracted by Campbell & Kountz. To the suit thus brought, Kountz filed an affidavit of defence to the whole of that portion of plaintiff's claim contracted by B. T. Campbell and George W. Young, and tendered judgment for the amount due by the new firm, to wit, $36.40, with interest from December 23d 1868.

At the trial before Ewing, P. J., the defendant, Kountz, presented four points, wherein the court was asked to charge the jury that he, Kountz, could not be held for any of these items of charge except those contracted after he became a partner; to which the court answered that these points were affirmed if the jury find there was nothing more than the fact that Kountz bought out the interest of Young in the "Evening Mail." But if the jury find that after a part of plaintiff's bill was incurred, and while the bill was running, Young sold and delivered his interest in the "Even-

[Kountz *v.* Holthouse.]

ing Mail " to Kountz, and, as a part of the price, Kountz, by consent of .the other partner, Campbell, agreed to take Young's place in the firm and to be responsible for and pay the debts of the firm in place of Young, and the business was thereafter carried on, under this agreement, by Campbell & Kountz without further change and the balance of the bill was thereafter incurred for the paper, the defendants would be liable for the unpaid portions of the bill.

The verdict was for the plaintiff for his whole claim. Kountz took this writ, assigning the foregoing answers of this court for error.

*S. H. Geyer*, for plaintiff in error.—Can Holthouse, in his own name, maintain an action against Campbell and Kountz, for the debt due him by Campbell and Young, on the ground that Kountz, when he purchased Young's interest in the said firm, agreed with Young, to take his place in the firm, and pay the debts of the firm ? We contend that he cannot, for the reasons, that there was no privity of contract between Holthouse and Kountz, and that Holthouse had no interest in the consideration of the contract, did not participate in it, and was not prejudiced by it. Where the contract is for the benefit of the contracting party and the third person is a stranger to the consideration, the action must be by the promisee : Blymire *v.* Boistle, 6 Watts 182. The contract between Young and Kountz, was for the benefit and protection of the said Young. Holthouse was a stranger to the contract and its consideration.

*John Barton*, for defendant in error.—The new firm were responsible for the old firm debts : Story on Partnership, sects. 152, 153.

Mr. Justice MERCUR delivered the opinion of the court, January 7th 1878.

Campbell & Young were associated as partners in the publication of the " Evening Mail," under the name of B. T. Campbell. While thus engaged they became indebted to the defendant in error. Young, by agreement in writing, the precise terms of which are not shown to us, sold his interest in the firm and in its property, to Kountz; the latter assuming and agreeing to pay Young's indebtedness. Campbell & Kountz continued the publication of the paper, and made other purchases of the defendant in error. He now seeks to recover of Campbell & Kountz, the debt due to him from Campbell & Young. Can he do it ? He was a stranger to the contract between Young and Kountz and to the consideration. He did not agree to release Young, nor to accept Kountz as his debtor. He in no wise participated in the transaction, and had no knowledge of it. The decisions bearing on the liability of Kountz to the defendant in error under such a contract are not in entire harmony, but their

[Kountz v. Holthouse.]

difference is more apparent than real.  The apparent conflict arises from attempting to apply one rule of law to different statements of facts.  The general rule is that an action on a contract, whether express or implied, must be brought in the name of the party in whom the legal interest in such contract was vested : 1 Chit. Plead. 2.  Yet many cases are to be found, in which the right of a third person to sue has been sustained, on a promise made to another. Hence, if one pay money to another for the use of a third person, or having money belonging to another, agree with that other to pay it to a third, an action lies by the person beneficially interested. This right of action is not restricted to cases of money only ; but extends to an agreement to deliver over any valuable thing, so that such third person is the only party in interest.  But when a debt already exists, a promise by a third person to pay such debt, being for the benefit of the original debtor, and to protect him against it, he must necessarily have a right of action against his promisor to secure that protection.  If the third person also became liable to the original creditor, he would be subject to two separate actions, at the same time and for the same debt.  This would manifestly be unjust : Blymire v. Boistle, 6 Watts 182.

There is nothing in the case before us indicating that the property sold to Kountz was to be delivered over to the defendant in error ; nor that it was to be converted into money and the proceeds be paid to him ; nor is there any fair inference, as in Townsend v. Long, 27 P. F. Smith 143, that the avails and proceeds of the property and business should pay and discharge the debt due to the defendant in error.  In the case of Townsend v. Long, the late cases are cited and the true distinctions pointed out.  A reference to them will show that to enable the third person to sustain the action, money or property must have been placed in the hands of the defendant for his use, or he must have become a party to the new agreement.

It was urged that an incoming partner may become liable for debts contracted by the firm previous to his entering it.  Undoubtedly he may so become liable by agreement, but the presumption of law is against any such liability, and requires proof to remove it.  Hence it is important to ascertain whether there has subsequently been, with the consent of all the parties, any change or extinguishment of the original contract.  Where it is proved that, upon the accession of a new partner, a new promise has been made by the entire new firm, in respect to the payment of the old debt, with the consent of the old partners as well as of the creditor, it will amount to a novation of the debt, and the new firm will be liable : Story on Part., § 153.

Here there is not only an entire absence of evidence that the arrangement was made with the assent of the defendant in error, but it fails to show that Kountz's agreement to pay was made with

the consent or knowledge of Campbell. There is no evidence showing that Campbell and Kountz agreed to be jointly liable for the debt of the old firm. To the present action against them jointly each can answer, I did not so agree with my co-defendant. The assignments are therefore sustained.

Judgment reversed, and a *venire facias de novo* awarded.