# White *versus* Thielens.

1. The Act of March 17, 1869, authorizing the commencement of actions by attachment, in certain cases where fraud is alleged, is not unconstitutional.

2. It is within the power of the court, where testimony has been taken by depositions, to refer the same to a Master to report the facts.

3. On the trial of an action against A., B., and C., trading as A. & Co., evidence is admissible, on behalf of the plaintiff, showing that although the debt in suit was contracted by A., prior to the admission of B. and C. into the firm, yet that the new firm, in consideration of receiving the assets of A., agreed to assume all his liabilities, and that the firm subsequently wrote a letter to the plaintiff recognizing said debt as a debt of the firm, and also included it in a schedule of the firm debts.

March 31, 1884. Before MERCUR, C. J., GORDON, TRUNKEY, GREEN and CLARK, JJ. PAXSON and STERRETT, JJ., absent.

[White *v.* Thielens.]

ERROR to the Court of Common Pleas, No. 3, of *Philadelphia county :* Of January Term, 1883, No. 374.

This suit was commenced by an attachment under the Act of March 17, 1869, by Emil Thielens and George F. Hall, trading as Thielens & Co., against Edward White et al., trading as E. White & Sons. The affidavit of the plaintiffs, on which the attachment issued, averred fraudulent concealment of property by the defendants. A rule to dissolve the attachment was issued, under which voluminous testimony was taken, and the court, of its own motion, referred the same to a Master to report the facts. Argument was had on exceptions to the Master's report, and the court subsequently discharged the rule to dissolve the attachment. A narr. in assumpsit was filed, and defendants pleaded non assumpsit.

On the trial, before LUDLOW, P. J., the plaintiffs offered in evidence a certain promissory note signed " E. White," to order of the plaintiffs. Objected to, because signed by only one of the defendants.

Plaintiffs then offered to prove " that the said note was given for goods sold to E. White on the day it bears date, the goods being for use in his business as a manufacturer; that on or about the 25th of the month, E. White admitted into copartnership in his business as a manufacturer his sons, Edward White, Jr., David White, and Alexander White; that the firm agreed to assume all the business debts of the father, and that they received from him as a firm all of his business assets; that they valued the assets, and they were found to exceed the business debts by about $60,000—$50,000 of which was in machinery in the mill; and that subsequently the firm wrote a letter to the plaintiffs recognizing this note as a part of the firm's indebtedness, and that still later they presented to a meeting of their creditors a list of indebtedness of the firm, in which this note was treated as a firm debt, and that the note has not been paid. To be followed by proof of a similar character." Objected to, because not such evidence as charges the defendants for the debt of Edward White; objection overruled; exception. (Fifth assignment of error.)

Verdict and judgment for the plaintiffs. The defendants took this writ of error, and filed the following assignments of error, viz.:

1. The court below erred in taking cognizance of the cause, because the Act of 1869 is without constitutional warrant.

2. The court below erred in not dissolving the attachment for the same reason.

3. The court below erred in sending the cause to a Master, to report facts proven by the depositions under the rule to dissolve the attachment.

[White v. Thielens.]

4. The declaration filed shows no proper cause of action.

5. The admission of the above offer of evidence.

*John M. Williamson*, for the plaintiffs in error.—It may seem somewhat late to attack the constitutionality of an Act passed in 1869; but when it is remembered that the subject-matters contemplated by the Act were covered by the Federal bankrupt law, which law was not repealed until 1879, and that to proceed under the Act of 1869 would simply avail to furnish another creditor with a ground whereon he could pray that the debtor be adjudged a bankrupt, and that the attachment might be dissolved by the debtor's mere voluntary petition in bankruptcy, it will be seen that there had been less than two years of real life to the Act when this cause was instituted, and the lateness is only seeming, it is not real. We submit that the Act is in derogation of the Federal and State Constitutions guaranteeing the right of trial by jury: Ervine's Appeal, 16 Pa. St., 256. The Act vests in the court or a judge, without the aid of a jury, the power of determining whether cause exists to deprive a man of the use and enjoyment of his property; and it vests in the sheriff the judicial or discretionary power of taking sufficient of defendant's property to pay the debt demanded, with costs.

*Sharp* and *Furman Sheppard* (with them *Alleman*), for the defendants in error.—Although there is no state that has not a provision in its constitution or law similar to our Act of 1869, no case has been cited throwing any doubt on the constitutionality of such a provision. The attachment may be regarded either as a common law remedy, ante-dating the Constitution, or as a special statutory remedy. The first view is presented in Drake on Attachment (5th ed., 1878), § 3. The legislative authority to enact such a remedy is supported in Rhines v. Clark, 1 P. F. S., 96; Haines v. Levin, Id., 412, and many other cases. Other analogous Acts, providing special statutory remedies, without the intervention of a jury, have been held constitutional.

Chief Justice MERCUR delivered the opinion of the court, April 14, 1884.

We have no doubt as to the constitutionality of the Act of 17th March, 1869, relating to the commencement of actions by attachment against fraudulent debtors. It works no denial of a trial by jury for the ascertainment of the alleged indebtedness. If the alleged fraud is not sustained the attachment may be dissolved. Yet if there has been a service on the defendant the suit goes on: Sharpless v. Ziegler, 11 Norris,

[Ivins's Appeal.]

467; Biddle *v.* Black, 3 Out., 380. If just cause existed for the attachment of the property, it is because it would be liable to execution after the judgment is obtained. The debtor gets all the benefit of a trial by jury in determining the question of his indebtedness, and is not thereby deprived of the benefit of the laws exempting property from execution issued on the judgment.

There was no error in the court obtaining, through a Master, the facts bearing on the question of dissolving the attachment.

The evidence covered by the fifth specification of error was clearly admissible: Vincent *v.* Watson, 6 Harris, 96; Bellas *v.* Fagely, 7 Id., 273; Torrens *v.* Campbell, 24 P. F. Smith, 470; Townsend *v.* Long, 27 Id., 143. In Torrens *v.* Campbell it was said where the promisor receives money or personal property to be converted into money, in trust for a third party, the action may be sustained in the name of the latter.

This offer was to prove that the plaintiffs in error received all the business assets of the prior firm, and that the value thereof was $60,000 in excess of all the debts of that firm. That in consideration of this sale, and of the receipt of the property by the plaintiffs in error, they assumed and agreed to pay all the business debts of their vendor, and that they subsequently wrote to the defendants in error recognizing this note in suit as a part of their indebtedness. This evidence was directly in the line of proving their liability.

Judgment affirmed.