## Weaver *v.* Griffith, Appellant.

*Contract—Sale—Forfeiture—Waiver.*

While a contract may provide that it shall be terminable at the will of either party, so that a purchaser may even terminate it by his own default, yet such effect will not be given to it unless the intent of both parties to that effect be made apparent by clear, precise and unequivocal language.

Where a contract provides " in case the said party of the second part doth not make payment as above specified at the time herein stated then this agreement is to be null and void and all parties are to be released from all liabilities herein and all money previously paid forfeited," a failure to make the payments at the stipulated time does not of its own force, terminate the contract. The seller must declare the forfeiture, and if he fails to do so and retains the right to enforce the contract against the purchaser to buy, he equally keeps alive his own obligation to sell.

Argued Oct. 18, 1904.   Appeal, No. 100, Oct. T., 1904, by defendant, from decree of C. P. Indiana Co., June T., 1901, No. 1, on bill in equity in case of J. H. Weaver v. Charles Griffith.   Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ.   Affirmed.

Bill in equity by purchaser for specific performance of a contract to sell land.   Before WHITE, P. J.

The opinion of the Supreme Court states the case.

*Error assigned* was decree of specific performance.

*J. N. Banks*, for appellant, cited : Diehl v. Adams County

Mut. Ins. Co., 58 Pa. 443; Vito v. Birkel, 209 Pa. 206; Beatty v. Lycoming County Mut. Ins. Co., 66 Pa. 9; Bodine v. Glading, 21 Pa. 50.

*Clarence E. Sprout*, with him *S. M. Jack* and *D. B. Taylor*, for appellee, were not heard.

PER CURIAM, November 4, 1904:

The defendant might have terminated the contract under the clause that " In case the said party of the second part doth not make payment as above specified at the time herein stated then this agreement is to be null and void, and all parties are to be released from all liabilities herein and all money previously paid forfeited." But the failure to make the payments at the stipulated times did not, of its own force, terminate the contract. It was not one of option, but of sale and purchase, and prima facie the time of payment was not of its essence. While a contract may provide that it shall be terminable at the will of either party, so that a purchaser may even terminate it by his own default, yet such effect will not be given to it unless the intent of both parties to that effect be made apparent by clear, precise and unequivocal language. The presumption is that the forfeiture clause is for the benefit of the vendor and enforceable at his election. Without such election and action the purchaser would not be released from his obligation to pay, and equally the vendor would continue to be bound by his agreement to sell.

In the present case the court below found as a fact that the defendant had not elected to enforce his right of forfeiture, but by his conduct had substantially waived it. Thus retaining his right to enforce the contract against the purchaser to buy he equally kept alive his own obligation to sell.

Decree affirmed.