In re SICKMAN & GLENN.

(District Court, W. D. Pennsylvania. August 2, 1907.)

No. 3,312.

BANKRUPTCY—ADMINISTRATION OF ESTATE — PARTNERSHIP AND INDIVIDUAL DEBTS.

An individual purchased the business and property of a corporation, and assumed its debts, giving his notes for the same. Shortly thereafter he entered into a partnership which took over the property, and agreed as between the partners to assume and pay such debts. The partnership was subsequently adjudged bankrupt, having paid but a small part of the debts and its assets, consisting chiefly of the property acquired from the corporation. Held, that the claims of the creditors of the corporation

were debts of the partnership estate, rather than of the partner who first assumed their payment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, §§ 555–557.]

In Bankruptcy. On certificate from referee.

C. S. Crawford and Sylvester J. Snee, for claimants.
Wallace & Watson, for objecting creditors.

EWING, District Judge. The question certified by the referee is whether the claims of the Willson Bros. Lumber Company, the Empire Lumber Company, Lemuel Curry and R. M. Curry, William Curry, and Annie B. Sickman, respectively, were the debts of the partnership of Sickman & Glenn, or the debts of Jerry A. Sickman, individually. This certificate is made upon the petition of Flint, Erving & Stoner Company, creditors of said bankrupts, which petition asks that review be had regarding the claims of the Empire Lumber Company, Castle Shannon Savings & Trust Company, Wm. Curry, Willson Bros. Lumber Company, Lemuel Curry, and R. M. Curry, and of Jacob Linhart. It thus appears that the question certified by the referee omits the claims of the Castle Shannon Savings & Trust Company and Jacob Linhart, and embraces the claim of Annie B. Sickman, which is not included in the said creditors' petition for review. In the papers accompanying the certificate of the referee no request for a review of his ruling in regard to the claim of Annie B. Sickman appears, nor in those papers, including the testimony, is any information furnished in regard to the claim of Jacob Linhart. Our review of the action of the referee will therefore be confined to the claims named, other than those of Annie B. Sickman and Jacob Linhart.

The finding of the referee in regard to the former of these claims seems to be in accord with the wishes of these petitioners for review, and it is supposed, therefore, that such finding is satisfactory. If the claim of Jacob Linhart is of the character of the other claims embraced in the question certified, it can be disposed of in accordance with our views regarding those claims. The facts of the case very briefly are that up until the latter part of May or the 1st of June, 1905, a certain corporation called the Broughton Lumber Company had by itself, or through the intervention of the trustee of the creditors, been conducting the business, and at that time, by an arrangement then made, Jerry A. Sickman took over the property and assets of the Broughton Lumber Company, and assumed its indebtedness, and gave as evidence thereof to these creditors his own promissory notes, indorsed by his father and Lemuel Curry, who had been stockholders of said Broughton Lumber Company, and also by R. M. Curry. Jerry A. Sickman conducted this business for about a month, when he took into partnership with him John W. Glenn, forming the partnership of Sickman & Glenn, the bankrupts whose estate is now being administered. In forming such partnership, the agreement between Sickman & Glenn was that they should be equal partners, and that they should, as such partners, discharge the liabilities incurred by Sickman when he took over the property and assets of the Broughton Lumber Company, which assets now

became the property of such partnership. In this manner all the assets of the Broughton Lumber Company passed into the hands of Sickman & Glenn, and constitute to-day the principal, if not all the assets, of this partnership.

Both Sickman and Glenn testify positively as to this arrangement between them that they were to discharge the indebtedness taken over from the Broughton Lumber Company by Sickman, and they are corroborated by the testimony of some of the creditors, who testify that the partnership always admitted its liability for that indebtedness, and promised to discharge it. The notes originally given by Jerry A. Sickman for the debts of the Broughton Lumber Company, so far as they fell due prior to the proceeding in bankruptcy, were renewed from time to time by other notes of like character, executed by Jerry A. Sickman. Sickman & Glenn were adjudicated bankrupts in the fall of 1906, without having discharged any considerable part of the indebtedness of the Broughton Lumber Company. The claims here excepted to are those of the Broughton Lumber Company assumed by Jerry A. Sickman and subsequently by the bankrupt partnership of Sickman & Glenn, and are now objected to on the ground that they are individual debts of Jerry A. Sickman, and not payable out of the partnership assets.

The objecting creditor was not a creditor of the Broughton Lumber Company, but primarily of the partnership of Sickman & Glenn. It will be seen from what has been stated that the fund for distribution arises largely from assets originally of the Broughton Lumber Company, that the indebtedness of the Broughton Lumber Company was unquestionably assumed by Sickman & Glenn, and that it is only right and proper that these assets of the Broughton Lumber Company, upon the faith and credit of which the indebtedness was presumably incurred, should answer for that indebtedness in the hands of Sickman & Glenn, when they themselves agreed to such proposition when they took the assets of the Broughton Lumber Company into their possession.

Under the facts in this case, it can hardly be doubted that these several creditors could successfully maintain an action against Sickman & Glenn for the amount of their claims. Kountz v. Holthouse, 85 Pa. 235; White v. Thielens, 106 Pa. 173; Adams v. J. L. Leeds Co., 195 Pa. 70, 45 Atl. 666.

It is therefore concluded that the referee was correct in determining that these claims were properly debts of Sickman & Glenn, rather than of Jerry A. Sickman individually; and his action in the matter is affirmed.