## Shermet *v.* Embick, Appellant.

*Practice—Agreement under seal—Action on—Parties—Act of May 25, 1887, P. L. 271.*

An action of assumpsit on an agreement under seal cannot be maintained by a plaintiff who is not a party to the agreement nor named in it as one for whose benefit it was made and who does not sue as use plaintiff, or allege an assignment of the contract by the party whose rights under it he is seeking to enforce.

While the Act of May 25, 1887, P. L. 271, abolished actions of covenant and provided that all demands theretofore recoverable in covenant should thereafter be used for and recovered in an action

of assumpsit, it made no change in the practice as respects necessary parties to the action. The rule remains the same that, unless provided otherwise by statute, action on a sealed instrument must be brought in the name of the legal party to the contract; or at the least it must appear from the deed or writing sued upon that the contract was in fact made for the benefit of the plaintiff in the action. A mere averment in the plaintiff's statement that the legal party to the contract under seal was the agent of the plaintiff and authorized by the latter to act for him in the premises is not sufficient. Nor is the defect required to be specially pleaded in abatement.

*Contracts—Contracts for the sale of real estate—Construction—Liquidated damages.*

Where an agreement for the sale of real estate does not expressly stipulate, by clear, precise and unequivocal language, that the purchaser might terminate it by his own default, a provision in the contract that in case the purchaser shall fail to make settlement for the premises as therein provided the agreement shall become null and void, and the sum or sums paid on account of the signing of it shall be retained by the seller as liquidated damages for the breach of the agreement, is presumed to be for the benefit of the seller, who may elect either to assert and enforce the forfeiture or to insist upon the performance of the contract.

Argued December 13, 1926. Appeal No. 296, October T., 1926, by defendant from decree of C. P. No. 5, Philadelphia County, June T., 1926, No. 7545, in the case of Samuel W. Shermet v. Mary V. Embick. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Reversed.

Assumpsit to recover down money under an agreement for the sale of real estate. Before MARTIN, P. J.

The facts are stated in the opinion of the Superior Court.

Rule for judgment for want of a sufficient affidavit of defense. The rule was made absolute. Defendant appealed.

*Error assigned* was the order of the court.

*Francis G. Gallager,* for appellant.

*Herman H. Krekstein,* for appellee.

OPINION BY KELLER, J., March 3, 1927:

We would be disposed to affirm the judgment entered by the learned court below for part of the plaintiff's claim for want of a sufficient affidavit of defense, on the authority of the decision of the Supreme Court in Artzerounian v. Demetriades, 276 Pa. 303, were it not for a glaring defect in the plaintiff's case which was not specially called to the attention of the court below, but which would probably have been noticed when the case went back for trial on the issues of fact raised by the pleadings, viz., that this is an action of assumpsit on an agreement under seal and the plaintiff is not a party to the agreement nor is he named in it as one for whose benefit it was made; he does not sue as a use plaintiff, nor allege any assignment of the contract to him by the party whose rights under it he is seeking to enforce. The contract in suit was an agreement under seal for the sale of real estate between Mary V. Embick, the defendant, of the first part, as seller, and Harry Fenkel, of the second part, as purchaser. The plaintiff's name does not appear in it, nor is there a word in the agreement to show that Fenkel was acting in the transaction for anyone but himself. No action could have been maintained against this plaintiff by the defendant for the balance of the purchase money.

"The general rule is, that the action should be brought in the name of the party whose legal right has been affected": 1 Chitty on Pleadings 1. "It is an inflexible rule, that if a deed be inter partes, that is, on the face of it expressly describe and denote who are the parties to it, (as 'between A. of the first part, and B. of the second part,') C., if not expressly named as a party cannot sue thereon": Ibid p. 3. "In [the case of a contract under seal] the implied right of

action of the principal merges in the higher security taken, by his authority, by the agent, and the remedy is in the name of the latter only": Ibid p. 9. "The party having the legal cause of action can alone be plaintiff": 2 Troubat & Haly's Practice (Brightly's Ed.) sec. 1655. These eminent authorities are supported by a wealth of decisions, among which may be cited: Ardesco Oil Co. v. North American Oil & Mining Co., 66 Pa. 375; Kountz v. Holthouse, 85 Pa. 235; American Ins. Co. v. Insley, 7 Pa. 223; DeBolle v. Ins. Co., 4 Wharton 68; Strohecker v. Grant, 16 S. & R. 237; Gilpin v. Howell, 5 Pa. 41, p. 50; Blymire v. Boistle, 6 Watts 182, 184; Meason v. Kaine, 67 Pa. 126; Spencer v. Field, 10 Wendell 87; U. S. v. Parmele, 1 Paine C. C. R. 252.

While the Act of May 25, 1887, P. L. 271, abolished actions of covenant and provided that all demands theretofore recoverable in covenant should thereafter be sued for and recovered in an action of assumpsit, it made no change in the practice as respects necessary parties to the action. The rule remains the same, that, unless provided otherwise by statute (See Negotiable Instruments Act of 1901, P. L. 194, sec. 6, par. 4), action on a sealed instrument must be brought in the name of the legal party to the contract; or at the least, it must appear from the deed or writing sued upon that the contract was in fact made for the benefit of the plaintiff in the action: Brill v. Brill, 282 Pa. 276. A mere averment in the plaintiff's statement that the legal party to the contract under seal was the agent of the plaintiff and authorized by the latter to act for him in the premises, is not sufficient. Nor is the defect required to be specially pleaded in abatement: Morse v. Chase, 4 Watts 456. The rule is grounded on the principle that a defendant should not be liable to be sued twice on the same cause of action. Harry Fenkel is not a party to this litigation nor concluded

by its result. There is nothing to prevent him from also suing for the return of the moneys paid by him to defendant under the articles of agreement. The action must be so brought that a judgment under it can always be pleaded in bar of another action: U. S. v. Parmele, supra. It follows that this action was improperly brought and cannot be maintained by the plaintiff in his own name. The suit must be brought in the name of Harry Fenkel, but may be to the use of the plaintiff if the former's rights under the contract have been legally assigned to him. A suit in the name of Fenkel, however, is sufficient: Hamilton v. Brown, 18 Pa. 87; C. H. Hardy Auto Co. v. Posey, 50 Pa. Superior Ct. 399.

The agreement of sale in this case did not expressly stipulate by clear, precise and unequivocal language that the purchaser might terminate it by his own default. In the absence of such a stipulation, a provision in the contract, that in case the purchaser shall fail to make settlement for the premises as therein provided the agreement shall become null and void and the sum or sums paid on account of the signing of it shall be retained by the seller as liquidated damages for the breach of the agreement, is presumed to be for the benefit of the seller, who may elect either to assert and enforce the forfeiture, or to insist upon the performance of the contract: Cape May Real Estate Co. v. Henderson, 231 Pa. 82; Cochran v. Pew, 159 Pa. 184. As the defendant, however, did not, in her affidavit of defense, declare that she had elected to insist upon the performance of the contract and made claim for the unpaid balance of the purchase money, it may be treated as an election on her part to assert and enforce the claim for liquidated damages provided for in the agreement: Weaver v. Griffith, 210 Pa. 13.

The judgment is reversed.