## Sharr et ux. v. Mollier, Jr.

*H. Lester Haws*, for plaintiffs; *High, Dettra & Swartz*, for defendant.

KNIGHT, J., November 14, 1930.—The plaintiffs and defendant entered into a written agreement for the sale and purchase of certain real estate, in Delaware County, for the sum of $60,000. The agreement contained the following provision: "One thousand dollars ($1000.00) on the signing of this agreement (which deposit shall be forfeited to the said party of the first part as liquidated damages in case of the default by the said party of the second part in the performance of the terms of this agreement) without any claim on the part of the sellers against the purchaser, . . ." The purchaser defaulted, and refused to settle for the property, whereupon the sellers appropriated the down money, $1000, to their own use, and resold the property for the sum of $55,000.

This suit is now brought by the sellers, plaintiffs, against the purchaser, defendant, to recover the difference between what the defendant agreed to pay for the property and what it actually brought on resale. This difference is $5000, from which is deducted the down money paid by the defendant, leaving a balance of $4000, which constitutes the amount of the plaintiffs' claim.

The defendant has assigned five reasons for judgment in his favor; they can all be summed up in the contention that the suit cannot be maintained under the averments of the statement of claim.

There can be no doubt that the sum mentioned in the agreement, $1000, must be treated as liquidated damages and not as a penalty. Counsel for the plaintiffs practically concedes this in his brief.

The plaintiffs having asserted the forfeiture, the defendant contends that they are estopped from any further action on the contract. The plaintiffs answer that provisions in an agreement of sale, such as the stipulation in the instant suit, are presumed to be for the benefit of the seller, who may elect to enforce the forfeiture or insist upon the performance of the contract: Cape May Real Estate Co. *v.* Henderson, 231 Pa. 82; Korman et al. *v.* Trainer et al., 258 Pa. 362; Shermet *v.* Embick, 90 Pa. Superior Ct. 269; Bradley *v.* Ehrentrant, 19 Del. Co. 71; and that they are suing to enforce the contract and not for consequential damages flowing from the breach. Conceding, although not deciding, that this is a suit in affirmance of the contract, still we are of the opinion that the plaintiffs are precluded from recovery by the terms of the instrument itself.

In the cases cited above, and relied upon by the plaintiffs, the courts have been careful to point out that clauses of forfeiture upon the failure of a purchaser to pay purchase money at the time required by the contract are presumed to be for the benefit of the seller, and as against him no default of the vendee can release the latter from his covenant to pay, unless the intent of

both parties to that effect be made to appear by clear, precise and unequivocal language.

We are of the opinion that this is exactly what the parties did in this case: after the forfeiture clause appear the words, "without any claim on the part of the said sellers against the purchaser." This language is clear, precise and unequivocal, and is susceptible of no other interpretation than that the parties intended, upon a breach of the contract by the purchaser, that the sellers were limited in their remedies to a forfeiture of the down money.

And now, November 14, 1930, the questions of law raised by the affidavit of defense are decided against the plaintiffs, and judgment is hereby entered for the defendant.