## Taxation of Instruments

CHRONISTER and RUTTER, Deputy Attorneys General, September 10, 1946.—You have requested an opinion as to the taxability of certain instruments and proceedings under the provisions of section 3 of the Act of April 6, 1830, P. L. 272, 72 PS §3172, which reads in part as follows:

"The prothonotaries of the courts of common pleas and of the district courts, and the prothonotary of the supreme court having original jurisdiction and the court of nisi prius of this commonwealth, shall demand and receive on every original writ issued out of said courts, (except the writ of habeas corpus), and on the entry of every amicable action, the sum of fifty cents; . . . on every entry of a judgment by confession or otherwise, where suit has not been previously commenced, the sum of fifty cents; . . ."

You inform us that a difference of opinion exists among the various prothonotaries as to which proceedings and instruments are taxable under the statute, and you have submitted a list of the disputed proceedings and instruments attached to your request. Although this list does not in every instance designate the precise writ, amicable action or judgment concerning which a question has been raised, we will answer them in the order given.

First of all, however, reference is made to our opinion to you dated June 2, 1910, Original Writs, 37 Pa.

C. C. 522. This opinion construed the words "original writ" as used in the statute to mean "the first process or judicial instrument by which the court commands something, therein mentioned, to be done".

In determining the taxable status of the various classes of writs enumerated it is important to differentiate between writs of original process and writs of mesne or intermediate process: the former are taxable; the latter are not.

1. Breve de partitione facienda.

This writ is mesne process. The action of partition is commenced by a writ of summons. In the course of the action the court may enter judgment quod partitio fiat, i. e., that partition be made. Upon this judgment the breve de partitione facienda issues, commanding the sheriff and his inquest to divide or value the premises. Being mesne process, the writ is not taxable. It should be noted that this action is extremely rare.

Partition may also be had in equity, in which case the endorsed bill or summons would be the original process, and would be taxable.

2. Summons in assumpsit upon ground rent.

This writ is original process and therefore taxable, as is the writ of summons in assumpsit for any other cause of action. The remedy was formerly by writ of covenant, which was abolished by the Act of May 25, 1887, P. L. 271, 12 PS §1, Shermet v. Embick, 90 Pa. Superior Ct. 269. The present remedy is assumpsit.

3. Fraudulent debtors' attachment.

The Act of March 17, 1869, P. L. 8, and the Act of May 24, 1887, P. L. 197, 12 PS §2711, provide for the commencement of actions against fraudulent debtors by writ of attachment. The writ is original process and therefore taxable.

4. Garnishment.

a. Attachment execution. This is a writ which issues upon a judgment against A seeking to acquire certain

rights of A against B, the garnishee, who was not a party to the judgment. As to A it is a writ of execution, but as to B, the garnishee, it is original process (Kennedy v. Agricultural Insurance Co., 165 Pa. 179), and therefore taxable.

*b. Foreign attachment.* This is a writ to attach property of a nonresident in the hands of a resident, the garnishee. It may be used to commence an action against the nonresident and in any case is original process against the garnishee, and therefore taxable.

*c. Domestic attachment.* This is an original writ against a debtor who absconds or conceals himself, and operates for the benefit of all his creditors. Act of June 13, 1836, P. L. 606, 12 PS §2741 et seq. As it is original process both as to the debtor and the garnishee, it is taxable.

5. Estrepement.

This is a writ to preserve real property from waste or injury. Whether or not it is original or mesne process must be determined separately in each case. If it arises out of a pending action (usually ejectment), it is mesne process and not taxable. Otherwise it is taxable.

6. Error.

The writ of error was one of three methods of appeal employed prior to the passage of the Act of May 9, 1889, P. L. 158, 12 PS §1131. While preserving the distinction between the writ of error, certiorari, and statutory appeal, the act directed that all such proceedings in the Supreme Court should be taken in a proceeding to be called an appeal. The tax on appeals is abolished by Section 3 of the Act of May 19, 1897, P. L. 67, 12 PS §1135.

A writ of error coram vobis is for the purpose of acting on a judgment previously rendered, similarly to the granting of a new trial. It is therefore not original process and is not taxable.

7. Attachment for contempt.

This writ issues only where the person to be attached has failed to obey an existing order of the court, and must generally be based upon a previous rule to show cause why the writ should not issue. Thus it is apparent that the writ is mesne or intermediate process and not taxable.

8. Citation.

There are several writs of citation which issue out of the courts of common pleas, probably the most common of which is the citation provided in the Act of April 20, 1905, P. L. 239, §1, 12 PS §2571. This act provides that purchasers of real estate at judicial sales and their grantees, heirs and devisees, have certain rights, remedies and duties in acquiring possession of said real estate. Citation will issue to the person in possession to appear and show cause why possession of real estate should not be delivered to the purchaser.

It is our opinion that where the persons in possession are other than the defendants in the original execution or order of sale, the citation is original process within the meaning of the language of the Act of Assembly in question and is, therefore, taxable. Where the persons in possession are the defendants under the original execution or order of sale, the citation then assumes the character of an execution writ rather than one of original process and, accordingly, would not be taxable.

9. Capias.

*a.* Capias ad respondendum is original process against the person of the defendant to compel him to appear and is taxable.

*b.* Capias ad satisfaciendum is a writ of execution upon a judgment and is not taxable.

10. Dower.

The common-law writ for recovery of dower in Pennsylvania is the writ of "dower unde nihil habet". It is a real action against the tenant of the freehold which is instituted by the filing of a præcipe for the issuance of

the writ. The writ is the original process in the proceedings and, therefore, is taxable.

11. Injunction.

An injunction is not original process and is not taxable. Suits in equity may be begun ". . . by the filing of a bill in equity, by an amicable action, or by a writ of summons": Eq. Rule 26. An amicable action usually provides that it shall have the same effect as though there had been a writ and declaration. An injunction (even preliminary) cannot issue in the absence of an endorsed bill, an amicable action, or a writ.

You are advised, therefore, that an injunction is not taxable.

12. Testatum fieri facias.

A testatum fieri facias is a writ of execution. It is not original process and therefore is not taxable.

13. Scire facias to garnishee.

After judgment has been entered against the defendant in proceedings by foreign attachment, the act provides that the plaintiff may have a writ of scire facias against the garnishee to show cause why the plaintiff should not have execution of his judgment out of the property attached in the hands of the garnishee: Act of June 13, 1836, P. L. 568, §54, 12 PS §2994. While the scire facias proceeding has many of the aspects of a new action, in that issues may be raised that were not involved in the foreign attachment, it cannot be considered an original process. The original process in such case is the original attachment whereby the garnishee was made a party and which forms the basis for the scire facias. The writ is not taxable.

14. Bill of discovery.

A bill of discovery in aid of execution when filed against a party to the original proceeding upon which execution is sought is mesne process and not taxable. When, however, it is filed against strangers to the original proceeding, it becomes original process and thus

taxable. A bill of discovery in advance of suit would also be taxable.

15. Scire facias quare executionem non.

This writ issues upon a judgment the lien of which has expired, and requires the defendant to show cause why execution should not issue. It is mesne process in aid of execution and not taxable. When combined with or used as a scire facias to revive the lien of a judgment, the same rule applies, as cited in our opinion of June 27, 1916, supra.

16. Scire facias to join additional defendant.

The writ of scire facias to join an additional defendant is provided by the Act of April 10, 1929, P. L. 479, 12 PS §141, as amended by the Act of June 25, 1937, P. L. 2118. The operation of this act and its amendments has been suspended by Pa. R. C. P. 2275.

17. Scire facias to executor or administrator.

The Fiduciaries Act of June 7, 1917, P. L. 447, sec. 15(i), 20 PS §529, provides that no execution on property of any decedent shall be issued upon a judgment against the decedent obtained in his lifetime unless his personal representatives have first been warned by a writ of scire facias to show cause why execution should not issue. This is but a continuation of the original action and in aid of execution. It is not taxable.

18. Scire facias to surviving spouse, heirs, etc.

The Fiduciaries Act of June 7, 1917, P. L. 447, sec. 15(e), 20 PS §525, provides that no execution on the real estate of any decedent shall be issued upon a judgment obtained against his personal representatives unless the surviving spouse and heirs, and the devisee, alienee, or owner of the land, shall have been made parties to the action or warned by "a writ of scire facias issued against them on such judgment". The scire facias in this case by joining new parties amounts to original process and is taxable. This case is distinguishable from the scire facias to join personal representatives, because the personal representatives stand

in the same position as the decedent and their rights rise no higher than his, whereas equities and additional rights may arise in favor of widows, bona fide purchasers, etc.

## Judgments

1. Declaratory judgments.

A declaratory judgment may be entered in proceedings by petition or in any civil proceeding or suit, no matter how commenced. Under the terms of the act a tax is levied upon "the entry of every amicable action" and the "entry of a judgment by confession or otherwise, where suit has not been previously commenced". It follows that a declaratory judgment, which must be preceded by a petition or action, is not taxable.

2. On award of Workmen's Compensation Board.

The tax on judgments is levied on the entry of what are termed "office judgments", a proceeding of long standing in Pennsylvania. They provide a simple and expeditious means for obtaining the security of a judgment lien. The award of the Workmen's Compensation Board is the result of a quasi-judicial proceeding in which issues of law and of fact have been raised and determined, but such proceeding is not a "suit". The entry of such award as a judgment is, therefore, a judgment by confession or otherwise, where suit has not been previously commenced. Such judgment is taxable.

3. By confession on 20-year-old bond and warrant.

This is clearly taxable as a judgment by confession. The fact that the rules of court in certain counties require a petition and rule to show cause why judgment should not be confessed on the warrant of attorney where it is 20 years old does not affect the matter. The proceedings do not amount to a suit but amount to obtaining permission to *confess* the judgment.

4. Lease.

Leases customarily permit two forms of "office judgments": (*a*) Judgment by confession in an amicable

action of ejectment for the premises demised, and (*b*) judgment by confession for rent, etc. Both types of judgment come clearly within the statute and are taxable.

5. Exemplification of record from other counties.

In our opinion addressed to your department, Original Writs, supra, we concluded as follows (p. 524) :

"The language of the act quoted is sufficiently comprehensive, and, in my opinion, includes every entry of a judgment on an exemplified record from another county, whether the tax had been paid on the original note or not."

We do not question the correctness of that opinion.

6. Exemplification of record from other States.

Although there is no general authority for the entry of judgment by the prothonotary on an exemplified record of a judgment of the court of another State, an exception exists with respect to certain judgments outstanding in the State of Delaware which bind or affect lands located within the limits of the Commonwealth of Pennsylvania. This exception is provided for by the Act of May 16, 1923, P. L. 242, 21 PS §582. Therefore, you are advised that where judgment is properly entered in the one exception to which we have referred on an exemplified record of a judgment of the court of another State, the tax should be collected.

7. Contest of will "indexed as judgment".

8. Lien for debt—not yet due—"indexed as judgment".

9. No lien agreement—"indexed as judgment".

The very designations given to these last three entries upon the records in the prothonotary's office clearly indicate that they do not fall within the classes of amicable actions or judgments upon the entry of which tax must be paid.

Lis pendens is not a writ, an amicable action or a judgment: it is a situation. The pendency of an action against certain property might be "noticed" in the

judgment index, but this would not be a judgment; it would simply be notice of the pending litigation: i. e., lis pendens. This comment applies to contest of a will, lien for debt not yet due, and no lien agreements.