**In re Homer H. ROMBERGER and Vera L. Romberger, Debtors.**

**Donald L. MILLER and Lois N. Miller, Movants,**

**v.**

**Homer H. ROMBERGER and Vera L. Romberger, Respondents.**

**Bankruptcy No. 1–91–01906.**

United States Bankruptcy Court, M.D. Pennsylvania.

Oct. 14, 1992.

John J. Mooney, III, Hanover, PA, for Miller/movants.

D. Holbrook Duer, Lancaster, PA, for debtors/respondents.

## OPINION

JOHN J. THOMAS, Bankruptcy Judge.

This matter comes before the Court upon the movants' motion for relief from the automatic stay.

In lieu of a hearing on this matter, the parties have entered into a stipulation and a supplemental stipulation agreeing that the contents of same shall provide the record upon which the motion shall be decided.

The relevant facts in the stipulation are as follows: On April 26, 1983, an agreement was entered into between Donald L.

Miller and Lois N. Miller (hereinafter "Millers") and Homer H. Romberger and Vera L. Romberger (hereinafter "Debtors"). Said agreement was identified as "Articles of Agreement" and involved the purchase of property situate in Washington Township, Dauphin County, Pennsylvania for the purchase price of sixty-two thousand five hundred dollars ($62,500.00). The consideration was payable ten years from the date of the Agreement. The debtor was required to make monthly payments of nine hundred dollars ($900.00) toward interest, taxes, insurance, etc.

On August 29, 1990, counsel for the movants wrote to the debtors advising them that because of the failure to make certain payments pursuant to the agreement, "the Millers are hereby declaring the agreement null and void as per paragraph numbers one and four".

On or about February 21, 1991, the movants initiated litigation in the Dauphin County Common Pleas Court seeking ejectment of the debtors and payment of overdue payments totalling seven thousand nine hundred dollars ($7,900.00).

On July 30, 1991, the debtors filed for relief under Chapter 13 of the United States Bankruptcy Code.

On August 14, 1991, pursuant to the motion of the movant in the Common Pleas Court, the County Court entered summary judgment against the debtor granting movant possession of the real estate, inasmuch as there was "no genuine issue as to any material fact and that the plaintiffs are entitled to summary judgment for possession as a matter of law".

Debtors continue to occupy and utilize the premises in question and have been making monthly payments pursuant to their Chapter 13 plan to the Chapter 13 Trustee. The plan apparently attempts to cure the default alleged in the State Court litigation.

It is the movants' position that these facts are sufficient to grant relief from the automatic stay. Movant advances three grounds in support of their position: First, debtors have failed to cure the summary judgment entered against them in the state

court and hence the stay should be lifted because the plaintiffs have prevailed in the state action; second, the debtors rights, if any, were abandoned prior to the filing of the bankruptcy petition by their conduct; and, third, the debtors have no equity in the property upon which they had an option.

■ Initially, it is important to note that the County Court of Dauphin County issued its summary judgment order without the benefit of relief being granted by the Bankruptcy Court from the automatic stay. The Third Circuit has unequivocally held that "actions taken in violation of the automatic stay are without effect". *Raymark Industries, Inc. v. Lai,* 973 F.2d 1125 (3rd Cir.1992). Accordingly, the order of the Common Pleas Court of Dauphin County dated August 14, 1991 is hereby declared "void ab initio" and is hereby vacated by this Court under the authority of *Raymark Industries, Inc. v. Lai.*

■ Next, this court must turn to the issue as to whether the agreement has been "abandoned" by the debtors prior to the bankruptcy filing. Paragraph one and four of the Articles of Agreement read in a similar fashion, as follows: "in the event any payment is delinquent for a period of sixty days or more, the sellers may, at their option, declare this agreement null and void".

In addressing the cure of pre-petition defaults of executory contracts Collier on Bankruptcy states:

Where the contract has already been terminated according to its terms under applicable state law [it] leaves the trustee with nothing to assume or reject. If, however, the termination process has not been completed or, if completed can be reversed by application of a state anti-forfeiture statute or waiver doctrine the trustee may still assume. It has often been said that bankruptcy courts generally are not inclined to support forfeitures. Collier on Bankruptcy 15th Ed. Paragraph 365.04 at page 365–37.

■ We can conclude that Pennsylvania law abhors forfeitures. *In re C & C TV*

*and Appliance, Inc.*, 97 B.R. 782 (Bankr. E.D.Pa.1989). Nevertheless, it may be beyond this court's power to prevent a forfeiture that had existed prior to the bankruptcy. Unless there is an equitable ground recognized by nonbankruptcy state law on which to overcome the plain language of the Articles of Agreement, then the value of this agreement does not appear to be available to the bankruptcy estate.

"Where the termination provisions of a lease are unambiguous and clearly expressed, they will be given effect, unless in doing so would contravene the purposes of the Bankruptcy Act." *Matter of Triangle Laboratories, Inc.*, 663 F.2d 463 (3rd Cir. 1981).

 The termination of rights under an option contract are not affected by the debtors filing of a bankruptcy petition. *In re Intermet Realty Partnership*, 26 B.R. 383 (Bankr.E.D.Pa.1983). The agreement clearly stated that it would be without force and effect if requisite payment was not made and notice of termination was given to the debtor.

Pennsylvania law appears to recognize the validity of a seller declaring a forfeiture if there is a failure to make the payments during the stipulated time. *Weaver v. Griffith*, 210 Pa. 13, 59 A. 315 (1904).

Based on the foregoing it is this Court's opinion that the option contract was terminated pre-petition and cannot be resurrected.

The movant has alleged, as the third ground for recovery, an allegation that debtors have no "equity" in the property. Considering that we have concluded that the equitable interest of the debtors was terminated pre-petition, it follows that the debtors have no equity in the real estate at issue.

In accordance with our consideration of the record, this Court finds that cause exists under 11 U.S.C. § 362(d)(1) to grant relief from the automatic stay inasmuch as the debtors are merely in possession of the premises without any contractual justification for same.

Attached hereto is the order of this Court.

## ORDER

Upon consideration of the record, it is hereby ordered and decreed that relief from the automatic stay is granted to the above-captioned movants against the debtors in order to pursue their state law remedies relative to regaining possession of the real estate described in the motion.